Jeffrey A. Rosenfeld (SBN 136896)
jeffrey.rosenfeld@dlapiper.com
Brendan E. Starkey (SBN 240912)
brendan.starkey@dlapiper.com
DLA PIPER LLP (US)
1999 Avenue of the Stars, Fourth Floor
Los Angeles, California 90067
Telephone: (310) 595-3000
Facsimile: (310) 595-3300

Attorneys for Plaintiff
KING LOMBARDI ACQUISITIONS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING LOMBARDI ACQUISITIONS, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>TROOP REAL ESTATE, INC., a California Corporation; RODD FEINGOLD, an individual; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No. CV09-3672 DSF (AGRx)<br><br>**PROTECTIVE ORDER**<br><br>Discovery Cut-off:    April 23, 2010<br>Pretrial Conference:  June 28, 2010<br>Trial Date:           July 27, 2010 |

WEST\21903124.1

Having considered the Stipulated Protective Order of plaintiff King Lombardi Acquisitions, Inc. and defendant Troop Real Estate, Inc., the Court enters the following order:

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

**2.      DEFINITIONS**

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  any confidential research, development, or commercial information, confidential information of non-parties, financial information, intellectual property, including but not limited to, information consisting of trade secrets (as that term is defined in California Civil Code section 3426.1(d)), or other confidential documents which relate to current or future business plans or strategies, the disclosure of which to those other than the Designating Party would be likely to cause competitive or business injury to the

Designating Party, information protected by the right of privacy (as governed by, among other things, California Code of Civil Procedure section 1985.3, *et seq.*, the California Financial Information Privacy Act, California Financial Code section 4052.5, and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*), and any other commercially sensitive information that would qualify for protection under Federal Rule of Civil Procedure 26(c). Notwithstanding the foregoing, Confidential Information shall not mean Disclosure or Discovery Materials produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this action, a matter of public record or publicly available by law or otherwise.

  2.4 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

  2.5 <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

  2.6 <u>Designating Party</u>:  a Party or non-party that designates Disclosure or Discovery Materials as "Confidential."

  2.7 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential."

  2.8 <u>Outside Counsel</u>:  attorneys who are not employees or In-House Counsel of a Party but who are attorneys retained to represent or advise a Party in this action.

  2.9 <u>In-House Counsel</u>:  attorneys who are employees of a Party in this action.

  2.10 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

  2.11 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes any professional jury or trial consultants retained in this litigation.

**3. DESIGNATING PROTECTED MATERIAL**

3.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.

(b) <u>for testimony given in deposition or in other pretrial proceedings</u>, a Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. Following the deposition, the Designating Party shall have 30 days after the transcript becomes available to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. If the Designating Party states on the record at the deposition that some portions of the deposition transcript will be designated confidential, then prior to the expiration of the 30 day period, the transcript shall be treated as "CONFIDENTIAL."

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

3.2     A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected Material.

3.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and must immediately (a) notify in writing the Designating Party of any disclosures of such Protected Material, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom disclosures were made of all the terms of this Order.

**4.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4.1     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and,

if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

   4.2 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may, pursuant to the rules of this Court, file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Pursuant to Local Rule 37, this motion must be accompanied by a Joint Stipulation of the parties involved setting forth each party's position.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

**5.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

   5.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  No disclosure or discovery designated as "CONFIDENTIAL" shall be used or communicated by any persons receiving it for any purpose whatsoever other than the preparation of this case for trial.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 8, below (FINAL DISPOSITION).

   5.2 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   5.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

  (a) the Receiving Party's Outside Counsel of record in this action, as well as staff of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (b) the Receiving Party's In-House Counsel;

  (c) the Receiving Party's officers, directors, and employees;

  (d) Experts to whom disclosure is reasonably necessary for this litigation;

  (e) the Court and its personnel;

  (f) court reporters to whom disclosure is reasonably necessary for this litigation;

  (g) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

  (h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (i) the author of the document or the original source of the information, or witnesses who have already received a copy of the Protected Material from the author of the document or the original source of the information as evident from the face of the material.

  5.4 No party shall disclose documents or other material designed "CONFIDENTIAL" to any experts not assisting in this litigation.  Disclosure shall be made to Experts or other non-party witnesses only as is reasonably necessary for the prosecution of this lawsuit and only after the person to whom disclosure is to be made has been provided with a copy of this Order and has agreed to be bound by it.  Such Expert(s) or third-party witnesses shall review this Order and execute an

Acknowledgment and Agreement To Be Bound attached hereto as Exhibit A prior to reviewing documents designated as "CONFIDENTIAL."

**6.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**7.     FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5 and this Court's published procedures requiring an application to the Court for an order to seal documents in which the applicant must demonstrate for each document or category of documents sufficient grounds to warrant placing the documents under seal.

**8.     FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must destroy or return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain archival copies of all pleadings, motion papers including exhibits, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 10 (DURATION) below.

**9.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

**10.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Court retains and shall have jurisdiction over the parties, their attorneys and all recipients of discovery designated "CONFIDENTIAL" for the enforcement of the provisions of this Order following termination of this case, and/or to terminate all or some of the provisions of this Order on application by any party.

## 11. MISCELLANEOUS TERMS

11.1   This Order shall not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

11.2   No provision of this Order is intended to limit the right of any party, counsel for any party, or any recipient of discovery from seeking to modify the terms of this Order at any time in the future or from seeking relief of the restrictions imposed by this Order concerning discovery designated as "CONFIDENTIAL."

11.3   This Order shall be binding upon the parties to this action, the attorneys for each party and upon any recipient of discovery designated as "CONFIDENTIAL" and upon any successor, executor, personal representative, administrator, heir, legal representative, assignee, subsidiaries, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of documents covered by this Order may have control.

IT IS SO ORDERED.

Dated: March 22, 2010

_____
HON. ALICIA G. ROSENBERG
UNITED STATES DISTRICT COURT

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *King Lombardi Acquisitions, Inc. v. Troop Real Estate, Inc., et al.*, Case No. CV09-3672 DSF (AGRx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

WEST\21903124.1